UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT BREUER CONSTRUCTION, INC.,          Case No. 12-CV-3182 (PJS/JSM)
d/b/a Scott Breuer Homes,

           Plaintiff,

                                                 ORDER

v.

DENNIS KOCH; LINDA KOCH; and TRI
COUNTY LUMBER, INC., a Minnesota
Corporation,

           Defendants.

---

      Song Lo, SONG LO LAW OFFICE; and Gavin P. Craig, GAVIN P. CRAIG, P.A., for plaintiff.

      James W. Hess and Brian R. Aho, HESS LAW OFFICE, P.A., for defendants Dennis Koch and Linda Koch.

      Adam P. F. Gislason, SNYDER GISLASON FRASIER LLC, for defendant Tri County Lumber, Inc.

      Plaintiff Scott Breuer Construction, Inc. ("SBC") provides custom home design, construction, and remodeling services. *See* Second Am. Compl. ¶ 3 [ECF No. 16]. In 2004, defendants Dennis and Linda Koch contacted SBC and inquired about building a home using a copyrighted design created by SBC, but then told SBC that they had decided not to use SBC's services. *Id.* ¶¶ 13-16. Four years later, Scott Breuer — president of SBC — drove past a home that looked suspiciously like the copyrighted design about which the Koches had inquired. Upon investigation, Breuer learned that the Koches lived in the home. *Id.* ¶ 17. Suspecting copyright infringement, Breuer asked for permission to see the interior of the house and for copies of the house's floor plan, but the Koches refused his requests. *Id.* ¶ 20.

Another four years passed. Then, in December 2012, SBC sued the Koches for copyright infringement. SBC later amended its complaint to include defendant Tri County Lumber, Inc. ("Tri County Lumber"), the company that allegedly provided the Koches with the architectural plans for the house. *Id.* ¶ 26.

This matter is before the Court on defendants' motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See* ECF Nos. 21 & 41. Defendants argue that SBC's claim is barred by the statute of limitations, which requires that copyright claims be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Defendants are plainly correct. The parties agree that the "discovery" rule applies in determining when a claim accrues for purposes of § 507(b). *See* ECF No. 23 at 6; ECF No. 31 at 4. "Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007). Accordingly, SBC's copyright claim accrued on the date that SBC discovered (or reasonably should have discovered) that its copyright had been infringed.

For the reasons stated on the record at the hearing on defendants' motions, the Court concludes that SBC discovered "the injury which is the basis of the litigation" no later than December 2008. *Id*. SBC knew by December 2008 that:

- the Koches had visited SBC's model home "numerous times" and had said that the model home was "exactly what they wanted," Second Am. Compl. ¶ 14;

- SBC had provided the Koches with an "information packet" regarding the model home, *id*. ¶ 15;

- the Koches lived in a home that from the outside "appeared to be almost identical" to the model home, and the portion of the interior of the home that Breuer was able to see from the front door included "elements" of the copyrighted design, such as angled stairs that were unique to SBC's floor plans, *id.* ¶ 17; *accord* Breuer Aff. ¶ 17 [ECF No. 16-2][1]; and

- the Koches refused to give Breuer access to the inside of their home, refused to provide Breuer with floor plans to their home, and refused to provide SBC with information about who built their home, *see* Second Am. Compl. ¶ 20; Breuer Aff. ¶¶ 17-20.

Not surprisingly, Scott Breuer had "a strong suspicion" by December 2008 that the Koches had infringed SBC's copyright.  Breuer Aff. ¶ 17.  (Indeed, Breuer sent a letter to the Koches on November 21, 2008, in which he explicitly threatened to "fil[e] a copyright lawsuit against you in Federal Court."  Hess Aff. Ex. 1 [ECF No. 24-1]; *accord* Breuer Aff. ¶ 18.[2])

Without question, then, SBC was aware of the "injury which is the basis of the litigation" by December 2008.  *Comcast of Ill. X*, 491 F.3d at 944.  Also without question, SBC had sufficient information by December 2008 to plead a plausible claim of copyright infringement.

---

[1]The affidavit of Scott Breuer was filed as an attachment to SBC's second amended complaint.  Although "'matters outside the pleading may not be considered in deciding a Rule 12 motion . . . documents necessarily embraced by the complaint are not matters outside the pleading.'"  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)).  Such documents embraced by the complaint include "materials attached to the complaint."  *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quotation omitted).  Therefore, the Court has considered the Breuer affidavit in ruling on defendants' motions for judgment on the pleadings.

[2]The Breuer affidavit refers to the November 21, 2008 letter and says that it is attached to the affidavit as Exhibit 1.  Breuer Aff. ¶ 18.  It appears, however, that SBC's attorneys failed to attach the letter to the affidavit.  Because the letter is technically not part of the "materials attached to the complaint," *C.H. Robinson*, 695 F.3d at 764, the Court has not relied on it in granting defendants' motions.  The Court notes, however, that it is uncontested that the letter referred to in the Breuer affidavit is attached as Exhibit A to the November 15, 2013 affidavit of James W. Hess.  *See* ECF No. 24-1.

SBC conceded at the hearing on defendants' motions that it learned nothing more about the alleged infringement after December 2008.[3]  Logically, then, if SBC was able to plead a plausible claim of copyright infringement on December 26, 2012 (as it did), SBC was able to plead the exact same plausible claim of copyright infringement in December 2008.  Under § 507(b), this four-year delay — a delay for which SBC offers no explanation or excuse — is fatal to SBC's copyright claim.  Defendants' motions for judgment on the pleadings are therefore granted.

The Koches also move, pursuant to Fed. R. Civ. P. 11, for sanctions against SBC's counsel for filing a copyright claim that was obviously time barred and for continuing to pursue that claim after repeatedly being told that it was time barred.  See ECF No. 26.  The Court agrees that, for the reasons described above, no reasonable attorney could have concluded at the time that the copyright claim was filed against the Koches that the claim was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ."

---

[3]It appears that SBC may not have learned about Tri County Lumber's involvement in the alleged copyright infringement until after SBC filed its original complaint, as Tri County Lumber was not named as a defendant until the second amended complaint was filed.  Nevertheless, SBC's claim against Tri County Lumber must be dismissed for the same reason that its claim against the Koches must be dismissed.  Under the discovery rule, the statute of limitations begins to run on the date that the injury was discovered or should have been discovered with due diligence.  See Comcast of Ill. X, 491 F.3d at 944; Union Pacific R.R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998).  As explained above, SBC discovered its injury (the alleged infringement of its copyrighted design) by December 2008.  Accordingly, SBC was required to pursue any copyright claims based on that injury within three years of December 2008, even if a particular defendant's role in causing that injury was not discovered until sometime later.  Cf. Goodhand v. United States, 40 F.3d 209, 212 (7th Cir. 1994) (describing the "general principle of limitations law" that "[t]he statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later."); Fid. Nat'l Title Ins. Co. of N.Y. v. Howard Sav. Bank, No. 02 C 643, 2004 WL 2106610, at *10 (N.D. Ill. Sep. 20, 2004) ("[T]he limitations period begins to run when the plaintiff knows his injury is wrongfully caused, not when he realizes he has a cause of action against a particular defendant.").

Fed. R. Civ. P. 11(b)(2).  Thus, both of SBC's attorneys — Gavin P. Craig and Song Lo — signed the complaint in violation of Rule 11.

Under Rule 11(c)(2), however, the Koches were required to serve their motion for sanctions on Craig and Lo at least 21 days prior to filing that motion with the Court.  There is no evidence in the record that the Koches did so.  Instead, the Koches (through their attorneys) mailed Craig and Lo several letters requesting that SBC's claims be withdrawn and asserting that, should those claims not be withdrawn, the Koches would pursue Rule 11 sanctions.  *See* Hess Aff. Exs. B-G [ECF No. 29-1].  These informal demands do not satisfy the requirement of Rule 11(c)(2) that the "motion for sanctions" *itself* be served on the parties at least 21 days prior to being filed with the Court.  *See Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1054-55 (D. Minn. 2000).  Because the Koches did not comply with the procedural requirements of Rule 11, their motion for sanctions must be denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion for judgment on the pleadings of defendants Dennis and Linda Koch [ECF No. 21] is GRANTED.

2. The motion for judgment on the pleadings of defendant Tri County Lumber, Inc. [ECF No. 41] is GRANTED.

3. The motion for sanctions of defendants Dennis and Linda Koch against attorneys Gavin P. Craig and Song Lo [ECF No. 26] is DENIED.

4.      The second amended complaint [ECF No. 16] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 26 , 2014                                    s/Patrick J. Schiltz
                                                                     Patrick J. Schiltz
                                                                     United States District Judge